IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **KHALILAH A. SHAREEF,** *heir apparent for deceased* **WILLIAM LINDY REID,** <br><br> *Plaintiff,* <br><br> v. <br><br> **SECRETARY OF VETERANS AFFAIRS,** *et al.*, <br><br> *Defendants.* | **CIVIL ACTION NO.** <br> **5:19-cv-00483-TES** |

## ORDER

Proceeding *pro se*, Plaintiff Khalilah A. Shareef filed this lawsuit alleging, *inter alia*, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). *See, e.g.*, [Doc. 4 at p. 2]. Before the Court is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2] in which she seeks leave to file the above-captioned lawsuit *in forma pauperis*. As discussed in greater detail below, the Court **GRANTS** her request to proceed *in forma pauperis* but **DISMISSES** her Amended Complaint [Doc. 4] **without prejudice** as frivolous because as a Chapter 7 debtor, she does not have standing to bring this lawsuit.

Federal law allows the Court to waive payment of a filing fee if a plaintiff's application indicates an inability to pay. 28 U.S.C. § 1915. A plaintiff's application is sufficient to warrant a waiver of the filing fee if it "represents that the litigant, because

of [her] poverty, is unable to pay for the court fees and costs, and to support and provide necessities for [herself] and [her] dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004).

Upon review of Plaintiff's Application, her form indicates that her monthly expenses consist of utility bills in the amount of $240, that she has no rent or mortgage obligation, and that she owns a home valued at $91,800. [Doc. 2 at pp. 3–4]. However, the Court also notes that Plaintiff "filed bankruptcy [on November 4, 2019,] because of hardship." [*Id.* at p. 5]. Although she fails to indicate "how" as instructed on the Court's form, Plaintiff represents that she expects a major change to her monthly income or expenses within the next 12 months. [*Id.*]. She also states that she does not expect to spend any money for expenses or attorney fees in conjunction with this lawsuit. [*Id.*]. Based on her Application, the Court finds that Plaintiff is nonetheless unable to pay the costs of commencing this action in her current financial state. Therefore, the Court **GRANTS** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2]

If a district court allows a plaintiff to proceed *in forma paurperis*, it is obligated to proceed with a screening of that plaintiff's complaint to ensure that it states a claim for which relief may be granted. Pursuant to 28 U.S.C. § 1915, "the court shall dismiss the case at any time if the court determines that" a plaintiff's allegation of poverty is untrue, the action is frivolous or malicious or fails to state a claim on which relief may be

granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

Pertinent to this case, the Court verified that Plaintiff did, in fact, file a voluntary bankruptcy petition under Chapter 7 on November 4, 2019. *In re Khalilah An-Nura Shareef*, Ch. 7 Case No. 19-52084 (Bankr. M.D. Ga. Nov. 4, 2019), ECF No. 1. When a debtor files a Chapter 7 petition, her assets (subject to certain exemptions) are immediately transferred to a bankruptcy estate, and the Chapter 7 trustee is responsible for selling the property in the estate and distributing the proceeds to creditors. 11 U.S.C. §§ 541(a)(1), 704(a)(1), 726; *see also Slater v. United States Steel Corp.*, 871 F.3d 1174, 1179–80 (11th Cir. 2017).

Irrespective of the fact that Plaintiff does not state in her Amended Complaint *when* the named-Defendants violated the relevant portions of the FDCPA, whatever violations they committed, if any, ostensibly occurred prior to the filing of her Chapter 7 bankruptcy petition. Thus, any potential recovery from those claims would be deemed prepetition assets that would go to pay her creditors from the underlying Chapter 7 case. *Cf. In re Lauer*, No. 3:17-bk-1199-JAF, 2018 WL 7017734, at *2 (Bankr. M.D. Fla. Jan. 12, 2018) (finding that recovery on purely state common law tort claims would be a prepetition asset). And finally, because these claims are considered prepetition assets, Plaintiff forfeits whatever recovery she may receive from them to the bankruptcy estate, and only the Chapter 7 trustee has standing to pursue this civil legal

3

claim unless the trustee abandons the asset and returns the claim to the possession and control of Plaintiff. *Slater*, 871 F.3d at 1179 (citing *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004)). Accordingly, Plaintiff has no standing to bring this suit, and the Court **DISMISSES** it as frivolous. Plaintiff's Motion for Preliminary Injunction [Doc. 1] and her Amended Motion for Preliminary Injunction [Doc. 4] are **DENIED as moot**.

    **SO ORDERED**, this 17th day of December, 2019.

    S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**